# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 14, 2016          Decided July 7, 2017

No. 15-5186

THE BANK OF NEW YORK MELLON TRUST CO. N.A., AS
SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO
BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE
SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES
2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES
APPELLEE

v.

PERRY M. HENDERSON, FORMERLY KNOWN AS PERRY M.
BRYANT,
APPELLANT

UNITED STATES OF AMERICA,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00747)

———

*Paul F. Enzinna*, appointed by the court, argued the cause
and filed the briefs as *amicus curiae* in support of appellant.

*Perry M. Henderson*, pro se, filed the briefs for appellant.

*S. Mohsin Reza* argued the cause and filed the brief for appellee. *David Chen* entered an appearance.

Before: TATEL, *Circuit Judge*, and EDWARDS and GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge*: Pro se defendant Perry Henderson appeals the district court's order granting plaintiff Bank of New York Mellon's motion for summary judgment and dismissing Henderson's counterclaims in this judicial foreclosure action. For the following reasons, we affirm the judgment of the district court.

## I.  Background

In 2003, Henderson "encumbered [his house in Washington, D.C.] with a Deed of Trust securing a fixed rate balloon note … in the original principal amount of $191,250.00." *Bank of New York Mellon Trust Co. v. Henderson*, 107 F. Supp. 3d 41, 43 (D.D.C. 2015). The original lender was SouthStar Funding, LLC. Henderson defaulted on the Note in 2012. *Id*. In 2013 SouthStar assigned the Deed of Trust to the Bank. Henderson, however, claims the assignment is invalid.

The Bank initially sought to foreclose on the property in the Superior Court of the District of Columbia, but the case was removed to federal court by the Internal Revenue Service. The district court granted the Bank's motion for summary judgment on the ground that it was entitled to judicial foreclosure. The court also dismissed Henderson's counterclaims for (1) "declaratory and injunctive relief based on plaintiff's failure to

follow the proper procedures to foreclose a deed of trust in the District of Columbia," (2) "violations of the Fair Debt Collection Practices Act," (3) quiet title, (4) "violations of the Fair Credit Reporting Act," and (5) civil conspiracy. *Id*. at 43–44. Henderson appeals the district court's grant of summary judgment to the Bank and the dismissal of his counterclaims. This court appointed Paul F. Enzinna as *amicus curiae* to present arguments in support of Henderson's position and we are grateful for his able, though unavailing, efforts.

## II.     Analysis

This case presents two questions: (1) whether the grant of summary judgment was proper given the dispute about the validity of the assignment to the Bank and (2) whether Henderson's counterclaims were properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm both the district court's grant of summary judgment and its dismissal of Henderson's counterclaims.

### A. Summary Judgment

We review a grant of summary judgment de novo. *Aref v. Lynch*, 833 F.3d 242, 250 (D.C. Cir. 2016). Summary judgment is appropriate when, "viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party," *Pub. Citizen v. U.S. Dist. Court for D.C.*, 486 F.3d 1342, 1345 (D.C. Cir. 2007), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(a).

Henderson does not deny that he is in default on the Note, nor does he contest the validity of the Note or the Deed. The Bank attached a copy of the Note as Exhibit B of its verified complaint and further asserted that it is the rightful owner of

the Note and the successor in interest to the original trustee listed in the allonge to the Note. Because Henderson provided no evidence to indicate the Bank is not the rightful holder of the Note, there is no genuine dispute of material fact that the Bank holds the Note. *See Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992) (verified complaint may be treated as the "functional equivalent of an affidavit" for purposes of summary judgment (internal quotation marks omitted)). Because D.C. law allows the holder of a note to enforce the deed of trust by judicial foreclosure, *see Szego v. Kingsley Anyanwutaku*, 651 A.2d 315, 317 (D.C. 1994), the district court properly entered summary judgment for judicial foreclosure.

## B. Henderson's Counterclaims

The district court dismissed Henderson's counterclaims under Rule 12(b)(6), which decision we review de novo. *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Id.* Here, however, the district court relied upon facts outside the pleadings (and not within the scope of judicial notice). For example, in dismissing Henderson's claim for injunctive and declaratory relief, the district court relied upon Exhibit E of the Bank's complaint as disproving Henderson's allegation that the Bank failed to provide notice of foreclosure counseling. 107 F. Supp 3d at 46. Similarly, in dismissing Henderson's claim to quiet title, the district court relied upon Exhibit C of the Bank's complaint (the Deed of Trust). *Id.* at 47. Although the district court did not characterize the motion to dismiss as a motion for summary judgment under Rule 56, FED. R. CIV. P. 12(d), it effectively treated the motion as such, *see Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.,* 452 F.3d 798,

805 (D.C. Cir. 2006).  Because "both sides had a reasonable opportunity to present evidence and there are no genuine issues of material fact," *Wiley v. Glassman*, 511 F.3d 151, 160–61 (D.C. Cir. 2007), we, too, shall treat the motion as one for summary judgment.

**1. Federal and District of Columbia foreclosure procedures**

Henderson counterclaimed for declaratory and injunctive relief, arguing the Bank did not fulfill the requirements of federal and D.C. law to foreclose on a house.  107 F. Supp 3d at 46.

He argues the Bank was required by the National Housing Act, 12 U.S.C. § 1701x(c)(5), to provide him notice of the "availability of homeownership counseling" and, under D.C. Code §§ 42-815 & 42-815.02, to provide him notice of his right to "foreclosure mediation."  The Bank's law firm did, however, send Henderson a letter dated May 17, 2013 advising him of his default and of a telephone number to call for homeownership counseling.  107 F. Supp 3d at 46.  Henderson does not explain why this was insufficient notice.  Insofar as Henderson maintains that D.C. law requires mediation prior to judicial foreclosure, he is, as the district court noted, clearly mistaken.  *Id*. (citing *Rogers v. Advance Bank*, 111 A.3d 25, 29 (D.C. 2015)).

Like the district court, we do not address Henderson's threadbare allegation that the Bank violated certain "Pooling and Servicing" and "trust" agreements.  *Id*. at 46 n.7.  "A *pro se* complaint … must be held to less stringent standards than formal pleadings drafted by lawyers.  But even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct."  *Atherton*

*v. D.C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citations and internal quotation marks omitted).

**2. Fair Debt Collection Practices Act**

Henderson alleges the Bank violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, in several ways. That statute, however, applies only to a "debt collector" as it defines the term. The district court held the Bank was a not a "debt collector," 107 F. Supp. 3d at 47, and we agree.

The FDCPA creates two "mutually exclusive" categories, debt collectors and creditors, but only debt collectors are regulated by the statute. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 498 (7th Cir. 2008). Under the FDCPA, a debt collector is one

> who uses any instrumentality of interstate commerce or the mails in any business [1] the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The Bank is neither type of debt collector. There is no evidence to indicate the Bank's "principal" business is debt collection. Nor is the debt the Bank is seeking to collect "due another"; on the contrary, the debt is due to the Bank as the current holder of the Note and Deed of Trust. That the debt was already in default when the Bank purchased it did not make the Bank a debt collector. *See Henson v. Santander Consumer USA Inc.*, No. 16-349, slip op. at 7–8 (U.S. June 12, 2017) (an entity collecting a debt for its own account is not a "debt collector" under the FDCPA even if it purchased the debt when it was in default). Therefore, Henderson's counterclaim under the FDCPA must fail.

### 3. Quiet Title

Henderson seeks to quiet title and asserts in his counterclaim that the Bank has no right to the property, of which he is the owner in fee simple. As the Bank and district court pointed out, however, this assertion is contradicted by the Deed of Trust signed by Henderson. 107 F. Supp. 3d at 47.

The Bank has carried its burden of showing there is no genuine dispute of material fact with respect to this counterclaim. Therefore, summary judgment for the Bank is proper.

### 4. Fair Credit Reporting Act

The district court dismissed Henderson's counterclaim under the FCRA on the ground that "there is no private cause of action for the alleged violations." 107 F. Supp. 3d at 47. We need not pass upon that proposition because Henderson does not challenge it in his brief on appeal and therefore has forfeited this claim. *See Fed. Election Comm'n v. Craig for U.S. Senate*, 816 F.3d 829, 845 (D.C. Cir. 2016).

### 5. Civil Conspiracy

The district court also dismissed Henderson's civil conspiracy claim for failure to state "with particularity the circumstances constituting fraud," as required by Federal Rule of Civil Procedure 9(b), and to provide evidence "to support an inference of an agreement among the alleged conspirators," to wit, the Bank, "unknown new investors," and the Bank's counsel. 107 F. Supp. 3d at 48. Henderson reiterates his claim for civil conspiracy in his brief on appeal, but still refers us to no facts to indicate the Bank entered into any agreement with

anyone to defraud him. Because Henderson has failed to meet the heightened pleading requirements for fraud, we affirm the dismissal of this counterclaim.

## III.     Conclusion

For the reasons stated above, the judgment of the district court is

*Affirmed*.