Dissenting opinion filed by Circuit Judge Katsas.
 

 Wilkins, Circuit Judge:
 

 This case concerns whether the District Court properly dismissed based on mootness the claims of an incarcerated prisoner. Because the allegations in Gordon Reid's Complaint logically fall within a mootness exception for claims "capable of repetition, yet evading review," we reverse the decision of the District Court and remand the case for further proceedings.
 

 I.
 

 In reviewing the District Court's dismissal, we "accept all of the factual allegations in the complaint as true."
 
 Jerome Stevens Pharm., Inc. v. FDA
 
 ,
 
 402 F.3d 1249
 
 , 1253 (D.C. Cir. 2005) (alteration and citation omitted). The facts recounted here come from the Complaint or undisputed submissions in the record. In 2008, the United States District Court for the District of New Hampshire sentenced Gordon Reid to incarceration for a term of 220 months, followed by three years of supervised release, for the crime of Interference with Commerce by Threats of Violence. Reid began serving that sentence on May 6, 2008, when he was delivered to the U.S. Penitentiary McCreary in Kentucky.
 

 Id.
 

 Sometimes for disciplinary reasons, and other times for administrative ones, Reid was housed repeatedly in Special Housing Units (SHUs) at McCreary and the other Bureau of Prisons (BOP) facilities, where he has continued serving his sentence.
 

 Reid, proceeding
 
 pro se
 
 , filed a Complaint in the District Court for the District of Columbia on March 16, 2015.
 
 [1]
 
 At the time, Reid was incarcerated at the U.S. Penitentiary in Tucson, Arizona. He alleged that BOP had violated its own policies and procedures in three ways: (1) BOP had failed to deliver his magazine subscriptions while he was confined in SHUs, thus violating
 
 28 C.F.R. § 540.71
 
 and BOP Program Statement 5266.11 (Nov. 9, 2011); (2) BOP had deprived him of outside exercise while he was confined in SHUs, violating
 
 28 C.F.R. § 541.31
 
 (g) and BOP Program Statement 5270.10 (Aug. 1, 2011); and (3) BOP deprived him of meaningful access to the administrative remedy procedures in violation of
 
 28 C.F.R. § 542.10
 
 and BOP Program Statement 1330.18 (Jan. 6, 2014). When questioned about these violations, Reid alleges BOP personnel "invariably" claimed that they were complying with "BOP Policy." J.A. 7-8. We liberally construe the
 
 pro se
 
 Complaint as asserting not only a broad challenge to a nationwide BOP policy or practice, but also a declaratory claim with respect to the individual deprivations Reid suffered in SHUs.
 
 See
 

 Haines v. Kerner
 
 ,
 
 404 U.S. 519
 
 , 520-21,
 
 92 S.Ct. 594
 
 ,
 
 30 L.Ed.2d 652
 
 (1972) (per curiam). The Complaint asked for declaratory, injunctive, and mandamus relief to remedy these alleged violations.
 

 In total, Reid appears to have been transferred in and out of a SHU over twenty times from August 1, 2007, to July 19, 2016, under either administrative detention or disciplinary segregation status. This amounted to at least 764 days in a SHU, and some of those confinement periods
 postdated the filing of his Complaint in the District Court.
 

 BOP filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Reid's claims were moot. BOP argued that Reid was "no longer confined at USP Tucson, his place of confinement when he filed this civil action," or at any of the other facilities where the alleged violations occurred. Mot. to Dismiss at 15-16, No. 1:15-cv-375 (RMC) (D.D.C. filed Sept. 28, 2015), ECF No. 14. BOP concluded that Reid's "allegations concerning how staff at previous institutions handled the processing of inmates' incoming magazines, how SHU staff allocated outside recreation time, or Unit Team's protocol for conducting rounds in SHU no longer present[ed] a case or controversy," and argued that the mootness exceptions did not apply.
 
 Id.
 
 at 16.
 

 In response to BOP's motion, the District Court issued an order to "advise the
 
 pro se
 
 Plaintiff of his obligations" under the Rules, as well as the consequences for failing to follow them. Order at 1, 3, No. 1:15-cv-375 (RMC) (D.D.C. filed Oct. 1, 2015), ECF No. 15. The District Court informed Reid that he needed to file a response in opposition to the motion by November 30, 2015, and advised him of all relevant Federal Rules of Civil Procedure and local rules regarding opposition to motions to dismiss and for summary judgment.
 
 Id.
 

 After initially granting BOP's motions because of Reid's failure to timely respond, the District Court accommodated Reid's late filing of a response opposing BOP's motions.
 
 See
 
 Order at 1-2, No. 1:15-cv-375 (RMC) (D.D.C. filed June 2, 2016), ECF No. 21. In his brief opposing dismissal and supporting his cross-motion for summary judgment, Reid argued that the case was not moot because he was challenging ongoing practices of BOP. Mot. to Vacate Judgment at 106, No. 1:15-cv-375 (RMC) (D.D.C. filed May 6, 2016), ECF No. 20. He also argued that the case was an exception to the mootness doctrine: "That these controversies are capable of repetition is a matter of historical fact rather than deduction for Plaintiff has, in fact, been repeatedly housed in SHU units across the country where, time and again," BOP had committed the same violations.
 
 Id.
 
 at 109.
 

 The District Court ordered BOP to file an opposition to Reid's cross-motion for summary judgment, combined with BOP's opposition to Reid's motions to strike and reply in support of its motion to dismiss. In its filing, BOP stated that "[n]ormally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in prison." Def.'s Opp'n to Pl's Cross Mot. for Summ. J. & Reply in Supp. of Def.'s Mot. to Dismiss (Def.'s Cross Opp'n & Reply) at 7, No. 1:15-cv-375 (RMC) (D.D.C. filed July 21, 2016), ECF No. 25;
 
 see also
 

 Scott v. District of Columbia
 
 ,
 
 139 F.3d 940
 
 , 941 (D.C. Cir. 1998). BOP responded to Reid's argument that his claims were not moot due to changing circumstances by reiterating that Reid had since been transferred to another facility and out of the SHU. Def.'s Cross Opp'n & Reply 7-8. BOP argued that "with the exception of
 
 one
 
 night, [Reid] ha[d] not been confined in SHU at all since his transfer to USP Coleman."
 
 Id.
 
 at 8 (emphasis in original). BOP stated that Reid's claims were "linked exclusively to his confinement in the SHUs and therefore no longer present[ed] a 'live' controversy," as Reid was no longer confined in SHUs.
 
 Id.
 
 at 9. BOP also pointed out that Reid had not alleged continued violations since his (then) latest transfer.
 
 Id.
 
 In support, BOP attached an affidavit stating that Reid was no longer housed in a SHU and had been in the general population at the Coleman
 facility with the exception of one twelve-hour period. Decl. of An Tran at 1-5, No. 1:15-cv-375 (RMC) (D.D.C. filed July 21, 2016), ECF No. 25-1. BOP also attached inmate records with data it had not originally provided in support of its motion.
 
 Id.
 
 at 8-50.
 

 The District Court instructed Reid that he could file a reply in support of his cross motion for summary judgment before August 29, 2016. Order at 2, No. 1:15-cv-375 (RMC) (D.D.C. filed June 2, 2016), ECF No. 21. On November 8, 2016 - over two months after the deadline for Reid's reply brief - the District Court issued an order granting BOP's motion to dismiss Reid's claims as moot and denying his cross motion for summary judgment. The District Court noted that Reid had "asserted nothing" to contradict BOP's argument that "for the past straight year" Reid had not been "confined to the Special Housing Units that gave rise to his claims."
 
 Reid v. Samuels
 
 ,
 
 2016 WL 6602614
 
 , at *1 (D.C. Cir. Nov. 8, 2016). Thus, the District Court held:
 

 "Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." And in the absence of "a cognizable cause of action," a plaintiff has "no basis upon which to seek declaratory relief."
 

 Id.
 

 (citations omitted).
 

 On appeal, Amicus for Reid
 
 [2]
 
 argues that the District Court did not meet its obligations for litigation involving a
 
 pro se
 
 plaintiff,
 
 [3]
 
 and that Reid's claims avoid mootness because they are capable of repetition, yet evading review or, alternatively, because the voluntary cessation doctrine applies.
 

 II.
 

 We review
 
 de novo
 
 the District Court's dismissal for mootness.
 
 Schmidt v. United States
 
 ,
 
 749 F.3d 1064
 
 , 1068 (D.C. Cir. 2014). "Under Article III of the United States Constitution we 'may only adjudicate actual, ongoing controversies.' "
 
 District of Columbia v. Doe
 
 ,
 
 611 F.3d 888
 
 , 894 (D.C. Cir. 2010) (quoting
 
 Honig v. Doe
 
 ,
 
 484 U.S. 305
 
 , 317,
 
 108 S.Ct. 592
 
 ,
 
 98 L.Ed.2d 686
 
 (1988) ). Under the mootness doctrine, we cannot decide a case if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."
 
 Clarke v. United States
 
 ,
 
 915 F.2d 699
 
 , 701 (D.C. Cir. 1990) (en banc) (quotation marks omitted). The party seeking jurisdictional dismissal must establish mootness, while the opposing party has the burden to prove that a mootness exception applies.
 
 Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n
 
 ,
 
 628 F.3d 568
 
 , 576 (D.C. Cir. 2010).
 

 The Supreme Court has carved out one such exception for claims that are "capable of repetition, yet evading review."
 
 Spencer v. Kemna
 
 ,
 
 523 U.S. 1
 
 , 17,
 
 118 S.Ct. 978
 
 ,
 
 140 L.Ed.2d 43
 
 (1998). "The exception applies when: '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will
 be subject to the same action again.' "
 
 Doe
 
 ,
 
 611 F.3d at 894
 
 (quoting
 
 Jenkins v. Squillacote
 
 ,
 
 935 F.2d 303
 
 , 307 (D.C. Cir. 1991) ). At the motion to dismiss stage, courts assess justiciability based in part on "the theory of injury presented in the complaint" and "the facts alleged in support of the claim."
 
 Haase v. Sessions
 
 ,
 
 835 F.2d 902
 
 , 907 (D.C. Cir. 1987) (reversing district court's 12(b)(1) dismissal because the court "did not adequately assess whether the alleged policy pose[d] a realistic threat to [the plaintiff]"). Although
 
 Haase
 
 applies this framework to constitutional standing, not mootness, they are "related concepts" because both go to the plaintiff's injury.
 
 Garden State Broad. Ltd. P'ship v. FCC
 
 ,
 
 996 F.2d 386
 
 , 394 (D.C. Cir. 1993). If anything, the standing doctrine is stricter than the mootness doctrine. If the theory of justiciability is "not itself inherently flawed, the [Article III] inquiry is ordinarily ... complete."
 
 Haase
 
 ,
 
 835 F.2d at 907
 
 .
 

 BOP urges us to hold Reid's factual allegations, which it finds "speculative," to a stricter standard, such as the plausibility standard articulated in
 
 Ashcroft v. Iqbal
 
 ,
 
 556 U.S. 662
 
 ,
 
 129 S.Ct. 1937
 
 ,
 
 173 L.Ed.2d 868
 
 (2009), and
 
 Bell Atlantic Corp. v. Twombly
 
 ,
 
 550 U.S. 544
 
 ,
 
 127 S.Ct. 1955
 
 ,
 
 167 L.Ed.2d 929
 
 (2007). But it is impossible for a plaintiff, when she initially files a Complaint, to make plausible allegations supporting a mootness exception. The District Court focused not on the allegations Reid made in his Complaint, but rather on the legal theory of justiciability. The District Court dismissed the pleadings on the basis that Reid's transfer from the SHU rendered inapplicable the "capable of repetition, yet evading review" exception as a matter of law. Because we disagree and see no logical flaw in the theory of why the mootness exception may apply, we reverse the District Court's decision to dismiss the Complaint at the pleadings stage.
 
 [4]
 

 First
 
 , Reid adequately alleges that the challenged action is too fleeting to be fully litigated. To address whether a claim evades review, we ask whether "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration."
 
 Weinstein v. Bradford
 
 ,
 
 423 U.S. 147
 
 , 149,
 
 96 S.Ct. 347
 
 ,
 
 46 L.Ed.2d 350
 
 (1975). In
 
 Doe
 
 , we noted that "there can be no doubt that a one-year placement order under the [Individuals with Disabilities Education Act] is, by its nature, too short in duration to be fully litigated prior to its expiration."
 
 611 F.3d at 894-95
 
 . Based on the information provided by BOP, Reid's longest stay in a SHU was 120 days, and many of his other stays were for much shorter time periods. Amicus Br. 8-10, 33. We agree with Amicus that this short duration "evades even district court review, let alone review by this Court and the Supreme Court."
 
 Id.
 
 at 33. The short durations of Reid's SHU placements clearly meet the threshold.
 

 Second
 
 , we see no logical deficiency in Reid's allegations that he reasonably expects to be subjected to the same challenged deprivations in the future.
 
 See
 

 FEC v. Wisc. Right To Life, Inc.
 
 ,
 
 551 U.S. 449
 
 , 463-64,
 
 127 S.Ct. 2652
 
 ,
 
 168 L.Ed.2d 329
 
 (2007). As Amicus points out, Reid demonstrated that BOP had placed him in the SHU "in almost every facility that confined him for longer than twenty-eight days, including four instances of segregation
 
 after
 
 he filed his complaint." Amicus Br. 31.
 

 On this point,
 
 Olmstead v. L.C. ex rel. Zimring
 
 ,
 
 527 U.S. 581
 
 ,
 
 119 S.Ct. 2176
 
 ,
 
 144 L.Ed.2d 540
 
 (1999), is instructive. In
 
 Olmstead
 
 , the Supreme Court noted that a claim was not moot when the petitioners were "currently receiving treatment in community-based programs" because of "the multiple institutional placements [the petitioners] ha[d] experienced," making the claims capable of repetition, yet avoiding review.
 

 Id.
 

 at 594 n.6,
 
 119 S.Ct. 2176
 
 . Thus, even though the petitioners were no longer in an institutional placement, their claims avoided mootness due in part to the multiple times that they had experienced institutional placements in the past. Reid's circumstance is similar.
 

 BOP recognizes that "[a] prisoner's transfer to another facility or unit will not moot a claim for equitable relief ... if the very same policy, practice, or condition continues to apply to the same prisoner's confinement following his or her transfer to another unit or facility." Appellee's Br. 25 (citing
 
 Scott
 
 ,
 
 139 F.3d at
 
 941 ). But, BOP contends, "[o]n this record, the chance that Reid would again be subjected to the three deprivations in SHU that he challenged was entirely speculative."
 
 Id.
 
 at 26;
 
 see
 

 id
 
 at 36.
 

 The BOP's argument ignores that Reid's complaint identifies not only single instances but also BOP's alleged policy or practice of violating its own regulations to the detriment of Reid. In particular, Reid has alleged three key facts. First, he has been housed at eight different SHUs since 2008. Second, he has suffered a uniform set of deprivations at each SHU that contradict BOP's written regulations. Third, each time he has suffered a deprivation, he alleges that BOP officials justify the deprivations based on "BOP policy." J.A. 7-8. Having been placed in a SHU in myriad different BOP institutions, subject each time to a restriction allegedly imposed under a purported BOP policy or practice contravening BOP regulations, Reid has proffered a logical theory that the challenged actions reasonably will recur despite his current transfer out of the SHU.
 
 See, e.g.
 
 ,
 
 Olmstead
 
 ,
 
 527 U.S. at
 
 594 n.6,
 
 119 S.Ct. 2176
 
 ;
 
 Doe v. Sullivan
 
 ,
 
 938 F.2d 1370
 
 , 1378-79 (D.C. Cir. 1991).
 

 III.
 

 Both the District Court and the government on appeal have failed to grapple with Reid's claim that he was repeatedly subjected to deprivations in the SHU due to an ongoing policy or practice of the BOP. Instead, the government argues that Reid is unlikely to be subjected to those conditions again because his past experience is insufficiently predictive of the likelihood of Reid returning to a SHU.
 
 See
 
 Appellee's Br. 39-42 ("Once the conditions of confinement that an inmate challenges cease completely at
 
 some
 
 point[,] an expectation of recurrence is no longer reasonable." (emphasis in original) ).
 

 In dismissing Reid's Complaint under Rule 12(b)(1), the District Court simply stated that, "[n]ormally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." Although this is "normally" true, it is not true when a prisoner alleges he has been subject to those conditions in multiple BOP facilities, along with an alleged policy or practice of violating regulations that would apply to Reid at any BOP facility in the future. The District Court erred by dismissing Reid's claims as moot when, as a logical matter, his pleadings as a whole are capable of repetition, yet evading review.
 
 See
 

 Haase
 
 ,
 
 835 F.2d at 907-08
 
 .
 

 The District Court has multiple options on which to proceed on remand. The government filed various motions under Rule
 12 and Rule 56, and it may renew its motions when this case returns to the District Court.
 

 Although Reid has presented a sound legal theory for why his claims are not moot, the District Court may have concerns about "the facts alleged in support of" jurisdiction.
 

 Id.
 

 at 907
 
 . The District Court is free "at the motion to dismiss stage" to inquire into Reid's asserted facts in support of the mootness exception.
 

 Id.
 

 As a related but separate matter, the District Court may doubt Reid's standing to plead a broad-based attack on the alleged BOP policy or practice. A plaintiff challenging "an ongoing policy must ... demonstrate both that 'the request for declaratory relief is ripe' and that [he has] 'standing to bring such a forward-looking challenge.' "
 
 Conservation Force, Inc. v. Jewell
 
 ,
 
 733 F.3d 1200
 
 , 1206 (D.C. Cir. 2013) (
 
 quoting
 

 Del Monte Fresh Produce Co. v. United States
 
 ,
 
 570 F.3d 316
 
 , 321 (D.C. Cir. 2009) ). We have not determined the minimal requirements for factual allegations rebutting a mootness challenge that the District Court considers at the motion to dismiss stage, but we have held that a plaintiff must plead facts plausibly demonstrating standing,
 
 see, e.g.
 
 ,
 
 Humane Soc'y of the U.S. v. Vilsack
 
 ,
 
 797 F.3d 4
 
 , 8 (D.C. Cir. 2015). If the District Court harbors doubts, it may give Reid "the opportunity to plead additional facts" to support jurisdiction.
 
 Haase
 
 ,
 
 835 F.2d at
 
 903 ;
 
 see also
 

 Moore
 
 , 994 F.2d at 877 ("[L]eave to amend is particularly appropriate when a plaintiff proceeds pro se.").
 

 The District Court further may address the other Rule 12 motions. In vacating the decision below, we do not pass judgment on whether Reid has plausibly stated policy and individual challenges that survive a Rule 12(b)(6) motion on the merits. It is possible that, on remand, the District Court will hold that BOP's alleged conduct "stops short of the line between possibility and plausibility of entitlement to relief."
 
 See
 

 Twombly
 
 ,
 
 550 U.S. at 557
 
 ,
 
 127 S.Ct. 1955
 
 (quotation marks omitted). But that is a different question than the one before us now.
 

 The District Court also may wait until summary judgment to consider anew both Reid's standing to assert the policy and individual claims, as well as the BOP's mootness argument.
 

 ***
 

 The District Court erred in dismissing Reid's Complaint on the ground of mootness because it alleged a policy or practice of violations by the BOP. Reid's theory for why his claims are not moot is logically sound.
 
 See
 

 Haase
 
 ,
 
 835 F.2d at 907-08
 
 . We reverse the decision of the District Court and remand the case for further proceedings.
 

 So ordered.
 

 Reid's filing was styled a "Petition for Declaratory and Injunctive Relief." J.A. 6. The District Court construed it as a Complaint.
 

 We thank Erica Hashimoto, Paola Pinto, Caleb P. Redmond, and Sean Stein for their work on this appeal.
 

 The District Court was very generous with Reid, giving him additional instructions and leeway with late filings. The District Court not only complied with, but also went above and beyond, our guidance for managing the docket of a
 
 pro se
 
 case.
 
 See
 

 Moore v. Agency for Int'l Dev.
 
 ,
 
 994 F.2d 874
 
 , 876 (D.C. Cir. 1993) ;
 
 Neal v. Kelly
 
 ,
 
 963 F.2d 453
 
 , 456-57 (D.C. Cir. 1992).
 

 Although Amicus presents an argument in favor of applying the voluntary cessation doctrine under
 
 Aref v. Lynch
 
 ,
 
 833 F.3d 242
 
 (D.C. Cir. 2016), this argument was not raised below and is thus forfeited.
 
 See
 

 Keepseagle v. Vilsack
 
 ,
 
 815 F.3d 28
 
 , 36 (D.C. Cir. 2016).