# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7042**                                                    **September Term, 2022**

**1:22-cv-00363-DLF**

**Filed On:** March 31, 2023

Christen Erika Johnson,

      Appellant

    v.

Capital One Bank, N.A. and Capital One
Financial Corporation,

      Appellees

      **BEFORE:**    Pillard, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing; the motion to transmit the record; the motion for a consent judgment, docketed as a motion for summary reversal; and the motion to compel discovery, it is

**ORDERED** that the motion to transmit the record be dismissed as moot. Appellees have already filed the record on appeal.  It is

**FURTHER ORDERED** that the motion for a consent judgment be denied. Appellees have not consented to appellant's proposed judgment.  It is

**FURTHER ORDERED** that the motion to compel discovery be denied.  Because this appeal arises from the dismissal of appellant's amended complaint for failure to state a claim, we review it based on the allegations in the amended complaint, without considering evidence outside that complaint.  See United States v. Emor, 785 F.3d 671, 677 (D.C. Cir. 2015).  The district court may consider any discovery issues on remand. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's dismissal order, filed April 12, 2022, be affirmed in part and reversed in part.  Starting with appellant's contention that the district court should have granted her a default judgment, appellees timely responded to her amended complaint after removing the case to federal court,

and any brief delay before that did not make them "essentially unresponsive" so as to warrant a default judgment.  Jackson v. Beech, 636 F.2d 831, 832, 836 (D.C. Cir. 1980) (quoting H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)).

Turning to appellant's claims, we affirm their dismissal in most respects.  As an initial matter, appellant has forfeited any claims that she either failed to raise in the district court or failed to press on appeal.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053–54 (D.C. Cir. 2017); U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).  With respect to the claims that appellant has preserved, she may not seek relief based on criminal statutes and provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act that confer no private right of action.  See Alexander v. Sandoval, 532 U.S. 275, 286–87, 290 (2001); Chrysler Corp. v. Brown, 441 U.S. 281, 316–17 (1979).  Appellant's claim based on the Fair Debt Collection Practices Act fails because she has not alleged facts showing that appellees qualify as a "debt collector."  Bank of New York Mellon Tr. Co. N.A. v. Henderson, 862 F.3d 29, 33–34 (D.C. Cir. 2017).  As to her claim based on a provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, appellant has no private right of action to enforce subsection (a) of that provision, and she has failed to allege that any consumer reporting agency notified appellees of a dispute so as to trigger subsection (b).  See id. §§ 1681i(a)(2), 1681s-2(b)(1), (c)(1).  Appellant likewise has failed to plead any claim under the Right to Financial Privacy Act because she has not alleged that appellees disclosed her financial records to any government authority.  See 12 U.S.C. § 3403(a); Abdelfattah v. U.S. Dep't of Homeland Sec., 787 F.3d 524, 542 (D.C. Cir. 2015).  Appellant's antitrust claim fails because she has not pleaded any violation of the Robinson-Patman Act.  See 15 U.S.C. § 13(a); Texaco Inc. v. Hasbrouck, 496 U.S. 543, 556 (1990).  Her claim based on the Racketeer Influenced and Corrupt Organizations Act fails because she has not alleged facts showing either that appellees conducted any enterprise through a pattern of racketeering activity or that they participated in a conspiracy to engage in such conduct.  See Brink v. Cont'l Ins. Co., 787 F.3d 1120, 1127 (D.C. Cir. 2015); RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 682 F.3d 1043, 1048, 1051–52 (D.C. Cir. 2012).  Even assuming that appellant has a private right of action to enforce her cited provisions of the Social Security Act, she has not alleged facts supporting any violation of those provisions. See 42 U.S.C. §§ 405, 407, 408.  With respect to appellant's claim based on the District of Columbia's codification of the Uniform Commercial Code, she has not alleged facts showing that appellees either wrongfully dishonored any item or ignored any stop-payment order.  See D.C. Code §§ 28:4-402, 28:4-403(a).  Similarly, as to her primary

claim based on the Electronic Fund Transfer Act, appellant has not alleged facts showing that appellees failed to attempt any electronic fund transfer "in a timely manner."  15 U.S.C. § 1693h(a)(1).

We reverse, however, with respect to another claim under the Electronic Fund Transfer Act.  Although appellant has not expressly cited the provision of that statute requiring financial institutions to provide periodic account statements, we liberally construe her pro se pleadings to assert a plausible claim for relief on that basis.  See 15 U.S.C. § 1693d(c); Reid v. Hurwitz, 920 F.3d 828, 830 (D.C. Cir. 2019).  The case is remanded to the district court for further proceedings on this claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**