PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 17-2851

───────────────


JAMES TEPPER; ALLISON TEPPER

v.

AMOS FINANCIAL, LLC,

                                  Appellant

───────────────

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-05834)
District Judge: Honorable J. Curtis Joyner

───────────────

Argued June 5, 2018

Before: AMBRO, JORDAN, and VANASKIE, Circuit Judges

(Opinion filed: August 7, 2018)

Erik M. Helbing      (Argued)
Helbing Law, LLC

1328 Second Avenue
Berwick, PA   18603

      Counsel for Appellant

Michael J. Palumbo
Anthony J. Gingo
Gingo Palumbo Law Group
4700 Rockside Road, Suite 440
Independence, OH   44131

Matthew R. Rosenkoff
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA   30339

      Counsel for *Amicus* Appellant

Gleb Epelbaum
John J. Jacko, III      (Argued)
Fellheimer & Eichen
50 South 16th Street
Two Liberty Place, Suite 3401
Philadelphia, PA   19102

      Counsel for Appellee

Carlo Sabatini
Brett Freeman
Sabatini Law Firm
216 North Blakely Street
Dunmore, PA   18512

Daniel A. Edelman
Francis Greene
Edelman, Combs, Latturner & Goodwin LLC
20 S. Clark Street, Suite 1500
Chicago, IL   60603

      Counsel for *Amicus* Appellee

—————————

OPINION OF THE COURT

—————————

AMBRO, <u>Circuit Judge</u>

Many would gladly pay Tuesday for a hamburger today. Of course, not all of those who fall into debt make payments timely, and debt collection has become a professional trade. The Fair Debt Collection Practices Act (the "FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.*, regulates their efforts. Under it, debt collectors are prohibited from engaging in deceptive, abusive, or otherwise unfair practices to collect debts. When these practices occur, the Act gives debtors a private right of action to seek recourse, with the possibility of receiving statutory damages.

The Act does not apply, however, to all entities who collect debts; only those whose principal purpose is the collection of any debts, and those who regularly collect debts owed another are subject to its proscriptions. Those entities whose principal business is to collect the defaulted debts they purchase seek to avoid the Act's reach. We believe such an entity is what it is—a debt collector. If so, the Act applies.

## I. Background

### A. "Debt Collectors" Under the Fair Debt Collection Practices Act

The FDCPA is a "remedial legislation" aimed, as already noted, "to eliminate abusive debt collection practices by debt collectors." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting § 1692(e); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013)). Importantly, it applies only to "debt collectors," *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000), defined as any person: (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose" definition); or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects for another," or "regularly collects," definition).[1] § 1692a(6). Specifically excluded from the definition's reach are, in relevant part, a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a debt it obtained that was not in default at the time of purchase. § 1692a(6)(A), (B), (F).

"Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act]." *Pollice*, 225 F.3d at 403. A "creditor" is any person: (1) "who offers or extends

---

[1] Though not relevant here, the definition of "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." § 1692a(6).

credit creating a debt[;] or" (2) "to whom a debt is owed." § 1692a(4). Excluded is "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* Notably, the Act, by its terms, contemplates that an entity may be both a debt collector and a creditor, stating that "debt collector" also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." § 1692a(6).

The landscape of debt collection has changed since the FDCPA's enactment in 1977, and not all those who collect debt look like the classic "repo man." The Federal Trade Commission reported in 2009 that "[t]he most significant change in the debt collection business in recent years has been the advent and growth of debt buying." Federal Trade Commission, Collecting Consumer Debts: The Challenges of Change – A Workshop Report 13 (2009). No longer do creditors simply hire debt collectors to serve their named role; rather, with increased frequency creditors sell debt to purchasers, who may again resell the debt, hire outside debt collectors to undertake collection efforts, or attempt to collect on their own. *See* Federal Trade Commission, The Structure and Practices of the Debt Buying Industry 1 (2013). Since this shift, courts have had to find new ways to distinguish "debt collectors" from "creditors" to determine whether the FDCPA applies to a particular entity.

In *Pollice* we followed the "default" test to make that determination. Per that test, "an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned." 225 F.3d at 403. Applying the test to an entity alleged to be a "debt collector," we held that

5

because "there [was] no dispute that the various claims assigned to [it] were in default prior to their assignment[,] . . . [and] there [was] no question that the 'principal purpose' of [its] business [was] the 'collection of any debts,'" the entity was a debt collector. *Id.* at 404.

In *Federal Trade Commission v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007), we applied *Pollice* to similarly situated entities whose principal business was the collection of debts. *Id.* at 172. The alleged debt collectors argued they were "creditors" because they collected debts owed to themselves as opposed to "debt collectors" who collect debts owed to another. *Id.* Because they owned the debt they collected, they claimed they were not subject to the Act. *Id.* We noted in a *dictum* that the entities "appear[ed] at first blush to satisfy the statutory definition of a creditor," yet, "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the [Act], because those terms are mutually exclusive." *Id.* at 173.

We again followed the "default" test to determine whether the entity was a creditor or instead a debt collector, but pointed out that "focusing on the status of the debt when it was acquired overlooks . . . that the person engaging in the collection activity may actually be owed the debt and is, therefore, at least nominally a creditor." *Id.* We justified our use of the "default" test by reasoning that "Congress . . . unambiguously directed our focus to the time the debt was acquired in determining whether one is acting as a creditor or debt collector under the [Act]." *Id.* We noted that the Act's legislative history explained the term "debt collector" as "intended to cover all third persons who regularly collect debts," *id.*, because independent debt collectors, unlike creditors, are not "restrained by the desire to protect their good will when collecting past due accounts." *Id.* (quoting S. Rep. No. 95–382, at 2, 1977 U.S.C.C.A.N. 1695, 1696).

Instead, they likely will have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them." *Id.*

The Supreme Court, in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), has recently repealed the "default" test we followed. Debtors claimed that Santander Bank, which had purchased their loans already in default and attempted to collect on them, met the second definition of "debt collector," *i.e.*, one who "regularly collects or attempts to collect . . . debts owed or due . . . another." *Id.* at 1721 (quoting § 1692a(6)). They asserted as well that the Bank met the "principal purpose" definition, but the Court did not review that claim because it was not litigated in the District Court. *Id.*

The Supreme Court began "with a careful examination of the statutory text," in particular the definition's limitation to debts "owed . . . another." *Id.* It reasoned that "by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Id.* This language does not suggest that "whether the owner originated the debt or came by it only through later purchase" determines if it is a debt collector. *Id.* "All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Id.* Hence the Bank, which collected debts for its own account, did not meet the "regularly collects for another" definition. *Id.* at 1721–22.

The debtors in *Henson* further argued that the "default" test ought to apply because the statute excludes from the definition of "debt collector" those who obtain debts before default, and therefore those who obtain debts after default must fit the definition. *Id.* at 1724 (citing

7

§ 1692a(6)(F)(iii)). The Court held that argument untenable because "it doesn't necessarily follow that the ['regularly collects'] definition [of 'debt collector'] must include anyone who regularly collects debts acquired after default;" to meet that definition, those debts must be "owed *another*." *Id.* (emphasis in original).

The Court also addressed the suggestion that everyone who attempts to collect debt is either a "debt collector" or a "creditor" with respect to a particular debt, but cannot be both. *Id.* "[S]potting (without granting) th[at] premise," it stated that a company such as the Bank, which collects on debt it purchased for its own account, "would hardly seem to be barred from qualifying as a creditor under the statute's plain terms." *Id.* But excluded from the definition of "creditor" are those who acquire a debt after default when the debt is assigned or transferred "*solely* for the purpose of facilitating collection of such debt *for another*." *Id.* (quoting § 1692a(4)) (emphases in original).

Only one of our sister circuits has applied *Henson* thus far in a precedential opinion.[2] In *Bank of New York Mellon*

---

[2] The Fifth Circuit, in a non-precedential opinion, ruled that because *Henson* held "that debt purchasers who collect for their own accounts are not 'debt collectors' under the 'regularly collects' alternative," the plaintiff failed to state a claim to that effect. *Infante v. Law Office of Joseph Onwuteaka, P.C.*, No. 17-41071, 2018 WL 2438153, at *2 (5th Cir. May 30, 2018). The Sixth Circuit ruled much the same, also in a non-precedential opinion. *Garner v. Select Portfolio Servicing, Inc.*, No. 17-1303, 2017 WL 8294293, at *3 (6th Cir. Oct. 27, 2017). In addition, the Eleventh Circuit has since applied its pre-*Henson* standard that "a non-originating debt holder [does not qualify as] a 'debt collector'

*Trust Co. N.A. v. Henderson*, 862 F.3d 29 (D.C. Cir. 2017), the D.C. Circuit ruled on whether the Bank of New York, which regularly purchased and collected on defaulted loans, was a "debt collector" or instead a "creditor" under the Act. *Id.* at 33–34. As there was "no evidence to indicate the Bank's 'principal' business is debt collection[,] []or [that] the debt the Bank is seeking to collect [is] 'due another,'" the Court (following *Henson*) held the Bank of New York was not a debt collector. *Id.* No sister circuit has yet opined on *Henson*'s applicability to the "principal purpose" definition of "debt collector," the task before us today.

## B.     Facts

Appellees James and Allison Tepper, husband and wife, entered into a home equity line of credit with NOVA Bank secured by a mortgage on their Pennsylvania home. *Tepper v. Amos Financial, LLC*, No. 15-cv-5834, 2017 WL 3446886, at *1 (E.D. Pa. Aug. 11, 2017). The Teppers received periodic statements regarding their loan, and made timely payments, until the Pennsylvania Department of Banking and Securities closed the Bank and the Federal Deposit Insurance Corporation was appointed as receiver. *Id.* at *2.

The Teppers were notified of the Bank's closure, the FDIC's role as receiver, and its intention to market and sell all of the Bank's assets, including their loan. *Id.* Though the Teppers stopped receiving periodic statements, they attempted to remit a periodic payment to the FDIC, but it neither cashed nor returned their check. *Id.* Rather than

. . . solely because the debt was in default at the time it was acquired" (which, it noted, *Henson* confirmed). *Kurtzman v. Nationstar Mortgage LLC*, 709 F. App'x 655, 659 (11th Cir. 2017) (citation omitted) (first alteration in original).

9

attempt to make further payments to the FDIC, the couple decided to wait until they received a periodic statement from the loan's new servicer. *Id.*

Some months later, the FDIC declared the loan to be in default and sold it, also assigning the mortgage securing the loan, to Appellant Amos Financial, LLC. *Id.* at *2–3. It is an Illinois limited liability company that first registered to conduct business in Pennsylvania in October 2015. Not a financial institution or lender, its sole business is purchasing debts entered into by third parties and attempting to collect them. *Id.* at *1. The FDIC notified the Teppers of both the loan's default and its transfer to Amos, who made several attempts to collect the amount due. *Id.* at *1, 3–4. Amos mailed the Teppers three letters demanding lump-sum payments and sent them a notice, containing a higher amount due, stating that it intended to foreclose on their home. *Id.* at *3–4. It then filed a foreclosure action in Pennsylvania court in March 2015. *Id.* at *4. At that time, Amos was not registered to do business in Pennsylvania. *Id.* at *1, 4.

James Tepper reached out to Amos to request loan statements and to resolve the loan's default and avoid foreclosure. *Id.* at *4–5. Nareg Korogluyan, an Amos officer, returned his call. *Id.* at *5. He refused to give Mr. Tepper any loan statements, said the Teppers' home belonged to Amos, and warned they could not stop its foreclosure. *Id.* at *5–6. An attorney, acting on behalf of Amos, then sent Mr. Tepper an email attempting to collect the debt, but at an even higher amount. *Id.* at *6.

### C.    Procedural History

The Teppers filed a complaint alleging Amos violated the FDCPA and Amos timely replied. In their pretrial filings, the Teppers argued that Amos was a "debt collector" as

defined in § 1692a(6) of the Act because their loan was in default and Amos considered the loan to be in default when it was purchased. They alleged Amos violated the Act through its written and oral communications with the Teppers, in part because it was not registered to do business in Pennsylvania when it threatened and filed foreclosure.

Amos, in its pretrial filings, did not contest its status as a "debt collector" under the Act. Rather, it argued it was not required to register in Pennsylvania as a foreign business entity because its sole business was acquiring and collecting debt. During the one-day bench trial that followed, Korogluyan testified to the same and added that the higher loan amount was calculated using an increased interest rate.

The District Court requested post-trial memoranda from the parties. In their memorandum, the Teppers argued Amos violated the FDCPA because it increased their loan's interest rate without first terminating and accelerating the loan, which their credit agreement required. Amos, in its memorandum, again did not challenge its status as a debt collector, and repeated that it was not required to register in the Commonwealth because its sole business was collecting the debt it acquired.

After the trial and the post-trial supplemental briefing, but before the District Court issued a decision, the Supreme Court decided *Henson*. In response, the District Court ordered additional briefing for the parties to address whether, in light of *Henson*, Amos qualifies as a debt collector.

Thereafter the Court decided: (1) Amos is a "debt collector" as defined in § 1692a(6); (2) the Teppers' loan is a "debt" as defined in § 1692a(5) of the Act; and (3) Amos

11

violated the Act.[3] *Tepper*, 2017 WL 3446886, at *7–10. Amos was not liable for failing to register as a foreign business in Pennsylvania, however, because it is a debt collector. *Id.* at *10. It appeals the District Court's decision, arguing that it is not a debt collector. Accordingly, we summarize only the Court's reasoning for that part of its decision.

Taking heed from *Henson*, the District Court looked first to the statute's text. *Id.* at *7. It explained there are two ways for a plaintiff to prove a defendant is a debt collector: either (1) its "principal purpose . . . is the collection of any debts," or (2) it "regularly collects or attempts to collect . . . debts owed or due . . . another." *Id.* at *8 (quoting § 1692a). It explained that, following *Henson*, an entity that purchases debts and then seeks to collect them for its own account is ineligible for the second definition because it is limited to those who regularly collect debts due a third party. *Id.* By contrast, the first definition applies to "collection of any debts" so long as that activity is the entity's "principal

_____

[3] Specifically, the Court held: (1) Amos's foreclosure notice and email that failed to disclose sufficient details about the amount and character of the debt were incomplete and misleading in violation of §§ 1692e(2) and (10); (2) its calculation of the loan amount at an increased interest rate without following the credit agreement's required procedures violated § 1692e; and (3) Korogluyan's statements that Amos owned the Teppers' home and they could not stop the foreclosure constituted false representations and deceptive means to collect on the loan in violation of § 1692e(10). *Tepper*, 2017 WL 3446886, at *10. The Court also ordered $1,000 in statutory damages to the Teppers and deemed them entitled to recoup costs and reasonable attorneys' fees. *Id.* at *11.

purpose." *Id.* (citing § 1692a). The parties did not dispute that Amos's sole business activity is purchasing and then attempting to collect debts. *Id.* Hence the Court held Amos meets the first definition of debt collector. *Id.*

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction to review its decision under 28 U.S.C. § 1291. We review *de novo* the Court's conclusions of law and review for clear error its factual findings. *Battoni v. IBEW Local No. 102 Employee Pension Plan*, 594 F.3d 230, 233 (3d Cir. 2010).

## III. Discussion

*Henson* did not decide, but nonetheless affects, who fits the "principal purpose" definition of "debt collector." Whereas, prior to the Supreme Court's decision, our precedent in *Pollice* and *Check Investors* instructed us to look at whether the debt was in default at the time it was purchased, after *Henson* the "default" test falls away for a "principal purpose" framework.

We take our cue from the Court to begin by carefully examining the statute's text. *Henson*, 137 S. Ct. at 1721. Both Amos and the Teppers contend the plain text of the statute supports their desired outcome—Amos arguing that it fits the definition of "creditor" and therefore it is not a "debt collector" because the terms are mutually exclusive, and the Teppers arguing it fits the "principal purpose" definition of "debt collector."

We do not overlook Amos's omission of the "principal purpose" definition from its argument. Its admitted sole business is collecting debts it has purchased. It uses the mails

13

and wires for its business. It can be no plainer that Amos "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." § 1692a(6). "Any debts" does not distinguish to whom the debt is owed. And it stands in contrast to "debts owed or due . . . another," which limits only the "regularly collects" definition. *See Henson*, 137 S. Ct. at 1723 ("[W]hen we're engaged in the business of interpreting statutes we presume differences in language . . . convey differences in meaning."). Asking if Amos is a debt collector is thus akin to asking if Popeye is a sailor. He's no cowboy.

Amos claims that because it also meets the definition of creditor—it is the entity "to whom [the] debt is owed," § 1692a(4)—it is not a debt collector. In *Check Investors* we noted an entity may satisfy the statutory definition of "creditor" and yet be a "debt collector." 502 F.3d at 173. Our conclusion today does not require us to sort out what *Check Investors* intended by its statement that those terms are mutually exclusive. Suffice it to say that, following *Henson*, an entity that satisfies both is within the Act's reach.

Amos argues as its fallback position that if we do not find it is a creditor (to the exclusion of being a debt collector), we should hold that it is not a debt collector under the definition's exclusion for "officer[s] [and] employee[s] of a creditor [who], in the name of the creditor, [are] collecting debts for [the] creditor." § 1692a(6)(A). This exception clearly does not fit; for even if Amos is a nominal creditor, the Teppers sued *Amos*, a limited liability company, and not any of its officers or employees.

\* \* \* \* \*

In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but

14

when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties. The District Court held that Amos's debt-collection attempts with the Teppers crossed those lines, and it must face the statute's penalties for its bad behavior. We affirm the portion of the Court's opinion Amos has challenged on appeal—that it is a debt collector under the "principal purpose" definition. The Court decided correctly in light of *Henson*'s repeal of the "default" test. Whether an entity acquired the debts it collects after they became defaulted does not resolve whether that entity is a debt collector. Instead, we follow the plain text of the statute: an entity whose principal purpose of business is the collection of any debts is a debt collector regardless whether the entity owns the debts it collects.

Thus we affirm.