**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 17-3727

---

DANIEL A. BERGER,
Appellant

v.

HAHNEMANN UNIVERSITY HOSPITAL; TENET HEALTHSYSTEM HAHNEMANN, LLC, doing business as Hahnemann University Hospital; HAHNEMANN UNIVERSITY HOSPITAL BILLING DEPARTMENT; DREXEL MEDICINE; DREXEL UNIVERSITY COLLEGE OF MEDICINE; TPS IV OF PA, LLC; TENET HEALTHCARE CORPORATION; CONIFER HEALTH SOLUTIONS LLC; PHILADELPHIA FIRE DEPARTMENT – EMS; SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA INC; MICHAEL GREENBEWRG, M.D.; MICHAEL MCCOLLUM, D.O.; NANCY A. MOHSEN, M.D.; ROBERT KOENIGSBERG, D.O.; NANCY A. MOHSEN, M.D.; ROBERT KOENIGSBERG, D.O.; ALBERTO NUNEZ, M.D.; EVAN HAWBAKER, M.D.; ROY BURKETT, Philadelphia Fire Department EMT; BERNARD BAKER, Philadelphia Fire Department EMT; JOHN DOE, Debt Collectors; ABC COMPANY, Debt Collecting Organizations

---

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-02295)
District Judge: Hon. Wendy Beetlestone

---

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2019

---

Before: SHWARTZ, KRAUSE, and BIBAS, Circuit Judges.

(Filed: March 26, 2019)

OPINION[*]

SHWARTZ, Circuit Judge.

Plaintiff Daniel A. Berger appeals the District Court's order dismissing his first amended complaint and striking his certificate of merit ("COM"). Because the Court correctly determined that Berger failed to state a claim upon which relief can be granted, and that his COM was untimely and deficient, we will affirm.

## I[1]

### A

Berger, a lawyer proceeding pro se, brought this action against three groups of Defendants in connection with his hospitalization following a seizure: (1) Hahnemann University Hospital and some of its affiliates ("Hahnemann Defendants"),[2] (2) various Hahnemann doctors who treated him ("Doctor Defendants"),[3] and (3) Drexel Medicine,

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Because this appeal comes to us from an order granting motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we draw the facts from the complaint, which we accept as true. See Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016).

[2] These defendants include Hahnemann University Hospital; Tenet Healthsystem Hahnemann, LLC; TPS of PA, LLC; TPS IV of PA, LLC; Tenet Healthcare Corporation; Conifer Health Solutions, LLC; and Hahnemann University Hospital Billing Department, the last five of which have not been served. "Hahnemann Defendants" in this opinion refers only to Hahnemann University Hospital and Tenet Healthsystem Hahnemann, LLC.

[3] These defendants are Michael McCollum, Nancy Mohsen, Robert Koenigsberg, Alberto Nunez, and Evan Hawbaker.

Drexel University, and one Drexel physician, Michael Greenberg ("Drexel Defendants").[4]

On the way home from his office, Berger had a seizure that caused him to fall through a storefront window. Emergency Medical Technicians ("EMTs") responded to the scene, examined Berger, and transported him, without protest, to Hahnemann University Hospital.

Hospital personnel performed tests, including imaging tests on Berger's chest and abdomen, without obtaining "informed consent" from him. App. 190. Berger expressed concerns over medical costs, as he did not have insurance. In response, one treatment provider told him not to worry about it because he could "just not pay it." App. 193. Against the advice of doctors, Berger left the hospital.

Berger received bills from Defendants for his hospital stay, including one from the Hahnemann Defendants for $41,533.78 worth of services, for which Berger was charged $3,000. Berger refused to pay the bills and attempted to negotiate each one. Defendants declined to negotiate and insisted that Berger pay his medical bills.

B

Berger brought suit in Pennsylvania state court, which Defendants removed to the United States District Court for the Eastern District of Pennsylvania. Berger filed his

[4] Other defendants named in the complaint are the Philadelphia Fire Department Emergency Medical Services; Fire Department EMTs Roy Burkett and Bernard Baker; and unidentified debt collectors and debt collection agencies. None of these defendants have been served. Additionally, Defendant Second Federal Savings and Loan Association of Philadelphia, Inc. was served, but the claims against it were dismissed with prejudice. Thus, the claims against these individuals and entities are not before us.

first amended complaint alleging, in relevant part, negligence (medical malpractice), battery, fraud, intentional and negligent infliction of emotional distress, breach of contract, and violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. Berger also sought punitive damages and attorney's fees.

Berger requested an extension of time to submit a COM, a state law prerequisite for malpractice claims, arguing that the COM requirement was unconstitutional. The District Court refused Berger's request due to his failure to show good cause for an extension, and he filed a late COM, which the District Court struck as untimely and deficient.

Defendants filed motions to dismiss Berger's claims and strike certain requests for relief, which the District Court granted. Some claims were dismissed with prejudice, and others were dismissed without prejudice. The District Court granted Berger leave to amend the latter claims. Berger chose to stand on his complaint and filed five notices of appeal all based on the single dismissal order.

Berger argues that the District Court violated his constitutional rights and erred in dismissing his claims.[5] We will address each argument in turn.

---

[5] We exercise plenary review of a district court's order granting a motion to dismiss. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.), 768 F.3d 284, 290 (3d Cir. 2014) (internal quotation marks and citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a

## II[6]

### A

Berger asserts that the District Court violated his due process rights by dismissing his complaint without oral argument. Due process guarantees a litigant the right to be heard. The right to be heard in the context of a motion to dismiss is satisfied where the plaintiff receives the "opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion." Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976); see also FCC v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 276 (1949) ("[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations."). Oral argument is not required. Greene v. WCI Holdings Corp., 136 F.3d

---

cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). In addition to the factual allegations in the complaint, we may consider "undisputedly authentic documents if the complainant's claims are based upon these documents[,]" Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010), and matters subject to judicial notice, see, e.g., Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations omitted).

[6] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Defendants argue that we lack jurisdiction because several named defendants have neither been served nor appeared, compromising finality for 28 U.S.C. § 1291 purposes. They are mistaken. A court does not have personal jurisdiction over unserved parties, and thus they are not parties within the meaning of Fed. R. Civ. P. 54(b). United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976); see also D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1366 n.3 (3d Cir. 1992); De Tore v. Local No. 245, 615 F.2d 980, 982 n.2 (3d Cir. 1980). As to the served Defendants, Berger has elected to stand on his complaint, rendering the order dismissing the complaint final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Berger is bound by his unequivocal declaration that he intends to stand on his complaint, notwithstanding his ambiguous statements in his brief that he may seek to amend. He made this declaration to invoke our jurisdiction, and he is estopped from engaging in activities inconsistent with his declaration. We therefore have jurisdiction pursuant to § 1291.

313, 316 (2d Cir. 1998) (collecting cases). Thus, rules such as Federal Rule of Civil Procedure 78 and Eastern District of Pennsylvania Local Rule 7.1(f) that grant a court the discretion to hold argument are consistent with due process. Here, Berger had an opportunity to be heard through his extensive briefing, which the District Court carefully considered. Therefore, the absence of oral argument did not deny him procedural due process.[7]

Berger also argues that his substantive due process rights have been violated because a dismissal of his claims deprives him of a jury trial. This argument fails for two reasons. First, the Seventh Amendment, not the due process clause, governs the right to a jury trial. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." (internal citations and quotation marks omitted). Thus, he may not rely on substantive due process for relief. Second, the Seventh Amendment right to trial is only implicated where there are issues of fact to be determined. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979). Deciding whether a plaintiff has stated a claim is a strictly legal determination in which a jury has no role. Berger thus fails to identify any constitutional infirmity in the District Court's dismissal of his claims.

[7] Berger's pro se status does not compel a different conclusion. See, e.g., Greene, 136 F.3d at 314, 316 (holding that evaluation of pro se plaintiff's motion to dismiss did not require oral argument).

B

Berger next argues that the District Court erred in dismissing his malpractice, battery, fraud, emotional distress, contract, and FDCPA claims.[8] His arguments lack merit.

First, the District Court correctly dismissed Berger's malpractice claims for failing to submit a timely and compliant COM. A COM is a substantive requirement to pursue a malpractice claim under Pennsylvania state law. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-63, 265 (3d Cir. 2011). The Hahnemann Defendants filed their notice of intent to move for a judgment of non pros based on Berger's failure to file a COM. Berger then had thirty days to cure the omission and to file his COM. Pa. R. Civ. P. 1042.3(a), 1042.7(a)(4); Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015). Berger requested a deadline extension, but the request was denied and he filed his COM seven days late. Also, the COM was deficient so the Court acted within its discretion to strike it.[9] Among other things, Berger failed to file a COM as to each doctor he claims engaged

[8] Berger challenged the dismissal of various claims in notices of appeal and briefing. Each of the claims are addressed in a single order, and Defendants had an opportunity to respond to all of Berger's arguments. See Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 156 n.10 (3d Cir. 1994) (observing that "the subsequent appellate proceedings manifest[ed] the appellant's intent to appeal" an order he failed to identify in his notice, giving the opposing party "a full opportunity to brief the issue"); Cf. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1093 (3d Cir. 1995) (finding an "adequate connection" between notice-of-appeal-specified and unspecified orders that shared common subject matter). Thus, we will address all of the claims raised in Berger's brief, which include more than the specific claims identified in his notices of appeal.

[9] We review a district court's ruling on a motion to strike for an abuse of discretion. See Meditz v. City of Newark, 658 F.3d 364, 367 n.1 (3d Cir. 2011) (citing In re: Fine Paper Antitrust Litig., 751 F.2d 603, 604 (3d Cir. 1984)). A court abuses its

in malpractice, and the COM he did file failed to identify the professional against whom he asserted malpractice. Berger did not respond to these deficiencies, and hence has waived any argument disputing them. The Court therefore did not abuse its discretion by striking the COM and dismissing Berger's malpractice claims for failing to satisfy the condition precedent for pursuing such claims.

Second, the District Court also correctly dismissed Berger's battery claims. Berger argues that the Court misconstrued Wu v. Spence, 605 A.2d 395 (Pa. Super. Ct. 1992), which he seemingly characterizes as support for the proposition that, in the absence of informed consent, any touching "which the patient disputes" constitutes a battery.[10] See Appellant's Br. 34 (quoting Wu, 605 A.2d at 397). Berger is wrong. The Wu Court specifically stated that "the doctrine of informed consent should be limited to those cases involving surgical or operative procedures."[11] Wu, 605 A.2d at 397 (citing

---

discretion where its decision arises from "a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Johnston v. HBO Film Mgmt. Inc., 265 F.3d 178, 183 (3d Cir. 2001) (internal quotation marks and citation omitted).

[10] Furthermore, contrary to Berger's assertion, Pennsylvania's informed consent statute, 40 Pa. Stat. § 1303.504, does not say that it only applies to medical negligence claims. Indeed, "several decades" worth of Pennsylvania case law indicate that "a claim based upon a lack of informed consent involves a battery." Montgomery v. Bazaz-Sehgal, 798 A.2d 742, 748-49 (Pa. 2002) (collecting cases).

[11] The Drexel Defendants point out that Wu predates the passage of 40 Pa. Stat. § 1303.504(a). Pennsylvania case law post-dating the 1996 passage of the subsection of 40 Pa. Stat. § 1303.504(a) listing procedures requiring informed consent (then codified 40 Pa. Stat. § 1301.811-A) indicates that Wu remains valid. See Morgan v. MacPhail, 704 A.2d 617, 620 (Pa. 1997) (performing a common law analysis of informed consent, citing Wu for the proposition that informed consent is not required in cases involving IV administration of medication, and acknowledging "the recent legislation embodying the legislative branch's codification of the law of informed consent which would not require informed consent" in cases not involving surgery or similarly invasive procedures); see

Boyer v. Smith, 497 A.2d 646, 649 (Pa. Super. Ct. 1985)). Because Berger has not identified any procedure he received that required his informed consent, the Court correctly dismissed his battery claims.

Third, the District Court properly dismissed Berger's fraud claims. Berger's complaint failed to identify any specific misrepresentations Defendants made, instead grounding his claims in vague assertions that he received unnecessary medical procedures.[12] See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud . . . ."). Berger identifies only one specific statement from any Defendant—that someone treating him said he could "just not pay for [medical services]"—and he expressly disavows that he relied on it. See Appellant's Br. 16, 35 ("[D]espite the statements made by the clinician falsely implying that I was under no obligation to pay for services rendered or to be rendered, I had the understanding that I would be liable, by virtue of my being there, for at least part of the charges."). The Court thus appropriately dismissed Berger's fraud claim.[13]

---

also Montgomery, 798 A.2d at 748 ("It has long been the law in Pennsylvania that a physician must obtain informed consent from a patient before performing a surgical or operative procedure." (quoting Morgan, 704 A.2d at 619)).

[12] The elements of fraud, which must be pleaded with specificity, see Fed. R. Civ. P. 9(b), are "[1] a misrepresentation, [2] a fraudulent utterance thereof, [3] an intention to induce action thereby, [4] justifiable reliance thereon and [5] damage as a proximate result." Wilson v. Donegal Mut. Ins. Co., 598 A.2d 1310, 1315 (Pa. Super. Ct. 1991).

[13] To the extent that Berger's complaint can be read as claiming fraud for failure to disclose the costs of his treatment, it likewise fails for the reasons the District Court identified. Cf. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 264 (3d Cir. 2008) (approving open, rather than specific, price terms in hospital contracts because they provide "the only practical way" to convey the patient's obligation given that "nobody yet knows just what condition the patient has, and what treatments will be necessary to remedy what ails him or her").

Fourth, Berger's negligent and intentional infliction of emotional distress ("NIED" and "IIED", respectively) claims also fail. Berger alleged no negligent conduct that would give rise to an NIED claim, nor has he identified any conduct "so outrageous in character" and "extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," as required to state an IIED claim. Reedy v. Evanson, 615 F.3d 197, 231-32 (3d Cir. 2010) (quoting Field v. Phila. Elec. Co., 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). For these reasons, both claims were properly dismissed.

Fifth, Berger also fails to state a contract claim. Berger's complaint alleges that, in refusing to negotiate regarding his bills, the Hahnemann and Drexel Defendants breached "an implied duty to do business in good faith." App. 228-29. Berger, however, does not identify any contract that would give rise to this duty. See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 170 (3d Cir. 2013) (dismissing a breach of duty of good faith and fair dealing claim because plaintiff failed to identify "some relationship to the provisions of the contract itself to invoke the duty of good faith" (internal citation omitted)). The District Court thus properly dismissed his contract claim.

Sixth, Berger's challenge to the dismissal of his FDCPA claims against the Hahnemann Defendants is also without merit. The Hahnemann Defendants are outside

the reach of the FDCPA because they are not "debt collectors."[14] Under the FDCPA, a "debt collector" includes, as relevant here, (1) "any business the principal purpose of which is the collection of any debts," (2) any person "who regularly collects or attempts to collect . . . debts owed or due another," and (3) "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). The statute defines a "creditor" as "any person . . . to whom a debt is owed." Id. § 1692a(4). While we recently held that an entity could be both a "creditor" and a "debt collector," see Barbato v. Greystone Alliance, LLC, --- F.3d ---, 2019 WL 847920, at *5 (3d Cir. Feb. 22, 2019); Tepper v. Amos Fin. LLC, 898 F.3d 364, 371 (3d Cir. 2018), Berger has not alleged sufficient facts to demonstrate that the Hahnemann Defendants meet the definition of "debt collector." Although Berger argues otherwise in his brief, he alleges no facts to support the conclusion that the "principal purpose" of the Hahnemann Defendants' businesses is debt collection, that they seek to collect debts owed another, or that they attempt to collect debts using another name. With respect to the third definition, the fact that the Hahnemann Defendants utilize their billing department--which, according to Berger, shares the University name and is "within the company structure," App. 54--to collect the debts they are owed does not change this conclusion. See 15 U.S.C. § 1692a(6)(B) (excluding from the definition of "debt collector" "any person

[14] To state a claim under the FDCPA, a plaintiff must allege, among other things, that the defendant is a debt collector. Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014).

while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts"). Rather, Berger's allegations indicate only that the Hahnemann Defendants sought to collect debts owed to them, thus placing them soundly—and only—in the creditor camp. Therefore, they are not debt collectors and Berger's FDCPA claims against them fail.

Therefore, they are not debt collectors and Berger's FDCPA claims against them fail.

Finally, because attorney's fees are only warranted where a party prevails, see, e.g., 15 U.S.C. § 1692k(a)(3) (only providing for attorney's fees from successful FDCPA claims), and Plaintiff has not prevailed on any claim, the District Court correctly struck his request for attorney's fees.[15] The Court also appropriately dismissed Berger's punitive damages claim because none of the allegations support a claim for such damages. See Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) ("[P]unitive damages . . . are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." (internal citations omitted)). Thus, these claims for relief were correctly dismissed.

III

[15] Because Berger does not challenge the dismissal of his RICO claims, we need not address Berger's request for attorney's fees based on RICO. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

For the foregoing reasons, we will affirm.