**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2285
_____

DEBORAH GROOMS,
                              Appellant

v.

ALLY FINANCIAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01124)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2023
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: November 29, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Deborah Grooms appeals pro se from an order of the District Court dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm.

In March 2023, Grooms filed a complaint against Ally Financial, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Grooms alleged that, prior to filing the instant complaint, "Plaintiff and Defendant had zero business transactions together." Dkt No. 1 ¶ 3. She further alleged that on or about December 2, 2022, she received correspondence from Ally Financial "regarding an unverified alleged debt." Id. at ¶ 4. Attached to her complaint, however, Grooms submitted correspondence between herself and Ally Financial from as far back as July 2015, wherein Ally referred to Grooms as an "Ally customer" and which appears to indicate that Ally financed Grooms' purchase of a used vehicle. Id. at 5. Grooms also submitted a letter from Ally, dated August 2, 2021, indicating that Grooms was late in making her payments to Ally, id. at 7, and the December 2, 2022 letter from Ally, indicating that Grooms' last payment was made in May 2021, she had an outstanding balance of $5,987.98, and that her account "was charged off as a Loss[,]" id. at 6.

On June 14, 2023, the District Court granted Grooms' request to proceed in forma pauperis and, pursuant to § 1915(e)(2)(B)(ii), dismissed the complaint for failure to state a claim upon which relief may be granted. Dkt No. 5. Specifically, the District Court concluded that Grooms failed to adequately allege that Ally is debt collector and therefore failed to state a claim under the FDCPA. Noting that amendment would be

2

futile, the District Court dismissed the complaint with prejudice without providing an opportunity for amendment. Grooms appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion, although we review de novo the determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)). Here, in particular, the District Court concluded that Grooms failed to satisfy the second prong, that Ally was a debt collector under the statute.

Pursuant to the FDCPA, a "debt collector" includes, as relevant here, (1) "any business the principal purpose of which is the collection of any debts," (2) any person "who regularly collects or attempts to collect . . . debts owed or due another," and (3) "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect

3

such debts." 15 U.S.C. § 1692a(6). We conclude that the District Court correctly held that Grooms failed to allege sufficient facts to demonstrate that Ally met the definition of a debt collector under the statute. Most notably, Grooms' allegations and exhibits demonstrate that Ally's communications concerned a debt owed to itself in connection with financing Grooms' car.[1] See Tepper v. Amos Fin., LLC, 898 F.3d 364, 366 (3d Cir. 2018).

Finally, we agree with the District Court's determination that amendment would be futile and therefore the District Court properly dismissed the complaint with prejudice.

For these reasons, we will affirm the judgment of the District Court.

---

[1] The District Court also correctly noted that, although Grooms alleged that "[b]efore this action was filed, Plaintiff and Defendant had zero business transactions together," Dkt No. 1 at ¶ 3, the exhibits attached to her complaint contradicted her allegation and therefore need not be accepted as true. See Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 112 (3d Cir. 2018).