Winter v Laboratory Corp. of Am. (2024 NY Slip Op 01527)

Winter v Laboratory Corp. of Am.

2024 NY Slip Op 01527

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 152520/21 Appeal No. 1867 Case No. 2023-02167 

[*1]Abraham Winter, Appellant,
v
Laboratory Corporation of America, Respondent, LCA Collections, Defendant.

Abraham Winter, appellant pro se.
Epstein Becker & Green, P.C., New York (Jennifer M. Horowitz of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 20, 2023, which granted defendant Laboratory Corporation of America (LabCorp)'s motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.
The court properly dismissed plaintiff's Fair Debt Collection Practices Act, 15 USC § 1692 et seq. (FDCPA), claim. Defendant showed that its principal purpose is not the collection of debts and that it was seeking to collect a claimed debt owed to it by plaintiff for lab work. Thus, defendant's business does not make it a debt collector as defined in the FDCPA (see 15 USC § 1692a [6]; Tepper v Amos Fin., LLC, 898 F3d 364, 366 [3d Cir 2018]; see also Pirelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 693 [2d Dept 2015] ["The FDCPA does not apply to a creditor . . . that seeks to enforce a debt owed directly to it"]).
Neither is defendant a "creditor who . . . uses any name other than his own which would indicate that a third person is collecting or attempting to collect [its own] debts" (15 USC § 1692a [6]). A creditor becomes such a debt collector "when the 'least sophisticated consumer' would believe a third party was involved in collecting a debt" (Pinson v JPMorgan Chase Bank, N.A.,942 F3d 1200, 1209 [11th Cir 2019]; see generally Maguire v Citicorp Retail Servs., Inc., 147 F3d 232, 235-236 [2d Cir 1998]). The least sophisticated consumer is "neither irrational nor a dolt," and the FCDPA "does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices" (Ellis v Solomon & Solomon, P.C., 591 F3d 130, 135 [2d Cir 2010] [internal quotation marks omitted], cert denied 560 US 926 [2010]). The LCA Collections letter plaintiff received indicated that LCA Collections was a division of defendant Laboratory Corporation of America; it included the same information as the invoices about how to pay the bill online, by mail, and by phone;, and the final notice plainly stated that the claim would be sent to an outside collection agency if the invoice was not paid (see Rivero v Lab. Corp. of Am., US Dist Ct, ED NY,13-CV-4793 (ENV)(LB), Feb. 24, 2015, Vitaliano, D.J.,slip op. at 9-11; Mahan v Lab. Corp. of Am., 2011 WL 836674, *2, 2011 US Dist LEXIS 24324, *5-6 [SD Ala Mar. 9, 2011, No. 10CV20253 (KD/M)]; Obando v Lab. Corp. of Am., 2010 WL 8510159, 2010 US Dist LEXIS 141979 [SD Fla May 4, 2010, No. 10CV20253 (FM)]; see also Pinson, 942 F3d at 1210-1211).
The court also properly dismissed plaintiff's defamation claim. Plaintiff did not allege special damages or state a claim for defamation per se based on injury to his professional reputation (see Liberman v Gelstein, 80 NY2d 429, 436 [1992]). Plaintiff failed to allege that the supposedly defamatory statements — namely, that plaintiff owed defendant less than $50.00 —related to a "matter of significance and importance" in his unidentified profession (id.; see Savitt v Cantor, 189 AD3d 468[*2], 468 [1st Dept 2020]; 161 Ludlow Food, LLC v L.E.S. Dwellers, Inc., 176 AD3d 434, 435 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024